IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| MICHAEL ALLEN WELLS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:15-CV-0205-BL |
| | § | |
| TRUSTEES,[1] | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION

By Electronic Order dated April 21, 2016, the District Judge referred this case to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and as part of that referral, the undersigned was delegated to review the complaint for compliance with Fed. R. Civ. P. 8. *See* Dkt. Entry 12. On April 27, 2016, the District Judge reassigned this case to the undersigned for all further proceedings subject to the consent of the parties. *See* Second Am. Special Order No. 3-301 (doc. 13). In accordance with the authority delegated and under Fed. R. Civ. P 12(h)(3), the undersigned considers whether the Court has jurisdiction over this action and whether Plaintiff Michael Allen Wells has complied with the requirement of Rule 8(a). Concluding that Plaintiff has not complied with the requirement of Rule 8(a)(1) and that federal jurisdiction is lacking in this case, the undersigned issues this Report and Recommendation consistent with § 636(b).

### I. BACKGROUND

Plaintiff commenced this action by designating himself "Petitioner" and naming "Respondents" as Trustees and Trustee Agents "also known as" followed by a list of individuals that spans

---

[1] Plaintiff lists "'Trustees', 'Trustee Agents', also known as . . ." followed by a list of more than 650 individuals as "Respondents" in his complaint. The docket sheet, however, reflects "Trustees" as the only defendant in this case.

almost 14 single-spaced pages. *See* Compl. (doc. 1) at 1-14. Upon finishing that list on page 14, Plaintiff asserts that he and another individual have attempted to contact Respondents in an effort to get them to fulfill their fiduciary duties and states that Respondents have failed in those duties and breached the trust. *Id.* at 14-15. He then states that the Court may take judicial notice that (1) the Pope has stripped away the immunity of all judges, attorneys, government officials, and entities established under the Roman Curia, which he contends includes all corporations, and (2) all such persons and entities can now be held accountable for war crimes, crimes against humanity, unlawful restrictions of the liberties of the divine spirit incarnate, failure to settle accounts, and continued prosecution of claims already settled. *Id.* at 15. Plaintiff thereafter appears to allege a breach of trust by commission of acts addressed under various provisions of Title 18 of the United States Code. *Id.* at 16-17. And he asserts liability for breach of co-fiduciary under 29 U.S.C. § 1105. *Id.* at 17.

On May 5, 2016, the Court issued a Notice of Deficiency and Order ("NOD") (doc. 16) in which it reviewed the complaint for compliance with Fed. R. Civ. P. 8(a)(1). After reviewing the papers and pleadings filed in this action, the Court found "that the complaint does not comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure," including the requirement for "a short and plain statement of the grounds for the court's jurisdiction." *See* NOD at 2. The Court thus ordered Plaintiff to file an amended complaint that complies with Rule 8(a)(1) within thirty days and warned him that non-compliance "will result in dismissal of the complaint for want of jurisdiction under Fed. R. Civ. P. 12(h)(3) or for want of prosecution under Fed. R. Civ. P. 41(b) without further notice." *Id.* at 3.

To date, Plaintiff has filed no amended complaint. However, on May 27, 2016, and within thirty days of the NOD, Plaintiff filed a document titled "Posit Slip." *See* Doc. 17. He has thereafter

2

filed two more documents titled "Posit Slip," apparently to name additional defendants not named in the May 27, 2016 filing. *See* Docs. 18-19.

Given Plaintiff's pro se status, the undersigned considers whether the Court may liberally construe the May 27, 2016 filing as an amended complaint, and if so, whether it complies with the NOD. The first page of the 37-page document begins with the following heading:

Federal Court
at
District Court of the united states
For the northern district of texas
abilene division
in the Messiah's court; a court of record
in the kingdom of the Messiah

That page then continues with an unusual format presumably setting out a case caption. The caption identifies Mr. Wells as "Prosecutor" against numerous "Persons" listed on pages 2 through the top of page 21 (single-spaced and generally including name, title, address, and fax number) and labeled as "Defendants" on page 21. The caption also lists two civil actions (Nos. 1:15-CV-00205-P and 1:15-CV-00027-P), two appellate actions (Nos. 05-16-90055 and 05-16-90056), and provides the following notice in red font:

> <u>Notice to Officers of the Court:</u> Upon penalty for <u>'Trespass upon the Case'</u>: this is a common law suit in a 'Court of Record': 1) the above cases are to be combined into case 1-15CV-00205-P recorded upon all documents in this case and all referenced cases hereafter, and pressed upon the record, <u>regardless of any other numbers used by the Clerk of Court or other</u>, for internal department management, or other purposes; 2) the style in which this Claim is made may not be altered in any way, and; at no time does 'Prosecutor' consent to be restyled as a 'Plaintiff' or other designation, or to have this 'Claim' be re-styled as a 'Complaint'. Govern yourself accordingly... Creator save you.

The caption continues with

> In Re: a Tort; in Original Jurisdiction of man;
>
> The Messiah's Court requires a Magistrate. It has come to the attention of said *Court*, that the services of E. Scott Frost, [Magistrate] are available to serve said *Court*. If E. Scott Frost, believes he is qualified to minister the affairs of a 'court of record' his (honorable) services will please said, "*Court*"; to be heard upon delivery.
>
> In this court of record; at common law; by right of man; guaranteed; all beneficial rights reserved; none waived;

Following the caption and 21 pages of listed Defendants, Mr. Wells commences the body of his complaint. With respect to jurisdiction, he asserts on page 22:

> The Court has Federal Jurisdictions due to the fact the amount of the trust asset of each e-states (vessels) exceeds $75,000.00 for each named beneficiary in the above enjoined cases to this Claim. The United States Corporation and/or any acronym therefrom, the parties of this action are from different States. The court will proceed in the court of admiralty due to the fact that the vessels are moving in the high seas of commerce in the open international seas.

Among other things, the rest of page 22 through page 25 contains various definitions, statements concerning why Plaintiff names so many defendants; assertions about the Laws of Nature and Nature's God, the Kingdom of Messiah, and an Apostolic letter; and citations to various provisions of Titles 18 and 29 of the United States Code. The two paragraphs following the jurisdictional statement, provide an example of these matters:

> *property = birth certified [named after beneficiary] of bond and all assets attached to said bonds which is traded on the high seas of the international market [a vessel = a person regarded as a holder or receiver of something, especially something non-material]; hereinafter, "trust e-states", see case 1:15cv-00027-P.*
>
> The trust e-states of the named beneficiary's are not at the pleasure of any State Corporation or the United States Corporation or any acronym therefrom. Nor are Grantors/Settlors/Beneficiaries subject to any statutes or codes of the States or United States or any acronym therefrom, including but not limited to any Federal Court Procedures, for persons are subject to these rules. The Messiah's court is a "Court of Record" as is a Federal court is a "Person", citizen, subject, or within any limitations

or disabilities of statutes or codes, rather as man, by right, with all rights reserved and beneficial rights guaranteed by the Creator, the Declaration of Independence, the contract that governors the PERSONS, Trustees and Trustee Agents - the 1787 Constitution; Platsky v. C.I.A. 953F. 2d 25;

Plaintiff sets forth ten things that he will accept as relief in this action: (1) repentance by "each Person, Trustee, Trustee Agent, and Trustee Agent Office Holder;"[2] (2) default judgment given to all Trustees; (3) acknowledgment by all Trustees of their repentance and full compliance with the default judgment "by their signor (in red ink) and right thumb print (in red ink representing the flesh and blood breathing man or women with arms and legs);" (4) all Trustees shall contact Plaintiff and sign the default judgment for his records; (5) all Trustees shall "comply with any past, present or future instructions/orders" of Plaintiff; (6) "**Every man and women with a title of Nobility, a bar esquire or attorney, that holds a Public Office MUST remove themselves from said Public Office, never to hold another such office again;**"(7) all corporations/companies shall give the company to their employees/beneficiaries;[3] (8) a Master Judge shall work with Plaintiff to resolve all past, present, or future issues; (9) allow evidence to be brought forth in open court to judge the guilt of each Trustee and notification to the criminal court of each Trustee's treason; and (10) Plaintiff has "been and will continue being Ambassador's of the Messiah." Plaintiff completes his May 2016 filing by attaching various exhibits as pages 28 through 37.

---

[2] Because Plaintiff uses this all-encompassing list over and over, the Court will hereinafter simply shorten the list to all Trustees.

[3] This seventh requested relief further provides that the employees
will have to work at said company for at least two years before they are considered co-owners of the company and will then have a say by voting how said company will be run, and company determinations are to be made by a simple majority vote. Officers of said company will receive compensation from the beneficiaries of said company by determination. This compensation is subject to change at any time, also by a determination from the beneficiaries of the company.

5

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *accord Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). The courts, furthermore, rely on Fed. R. Civ. P. 8(a)(1) to aid their jurisdictional determinations. That rule requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

Because Plaintiff's original complaint did not include the jurisdictional statement required by Rule 8(a)(1), the Court ordered Plaintiff to submit an amended complaint which complies with that rule and warned him that a failure to comply will result in a dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3) or for want of prosecution under Fed. R. Civ. P. 41(b) without further notice. Plaintiff does not seriously attempt to comply with that order. Instead of filing an amended complaint as directed, Plaintiff has filed a Posit Slip setting out how and why he purportedly proceeds in a Messiah's Court. As recited at length earlier, the filing bears little resemblance to an amended complaint that complies with Fed. R. Civ. P. 8(a). Despite the apparent non-compliance

6

with the Court's prior order, the Court should liberally construe the filing (doc. 17) as an amended complaint to determine whether it contains a sufficient basis for this Court to exercise federal jurisdiction.

### A. Diversity Jurisdiction

Plaintiff's filing suggests the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Doc. 17 at 22. That jurisdictional provision, however, requires complete diversity of the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, "if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The Court should find complete diversity lacking in this case because Plaintiff and some defendants are citizens of Texas. Accordingly, § 1332(a) provides no basis for federal jurisdiction in this case.

### B. Federal Question Jurisdiction

Although the jurisdictional statement within Plaintiff's filing does not specifically invoke federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff appears to invoke such jurisdiction generally. *See* Doc, 17. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

For purposes of § 1331, a case arises under federal law when the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice*

*Assurance Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). Although "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction," federal question jurisdiction is lacking when the asserted "claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998) (citations and internal quotation marks omitted). Nevertheless, inadequacy of a federal claim properly results in dismissal for lack of subject-matter jurisdiction "only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

While "[t]he substantiality doctrine as a statement of jurisdictional principles affecting the power of a federal court to adjudicate constitutional claims has been questioned and characterized as more ancient than analytically sound . . . it remains the federal rule." *Hagans v. Levin*, 415 U.S. 528, 538 (1974) (citations and internal quotation marks omitted); *see also Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 808 (7th Cir. 2015) (criticizing the "explosion of redundant verbiage" utilized by the Supreme Court as "indeterminate" and creating "needless uncertainty"). Plaintiff's May 27, 2016 filing provides no basis for federal question jurisdiction regardless of the precise verbiage used to evaluate it. While it certainly not easy to follow the legal bases Plaintiff seeks to advance in this action, whatever federal claim he may be trying to assert is so insubstantial, implausible, or otherwise completely devoid of merit so as to not involve a federal controversy. Accordingly, the Court should find federal question jurisdiction lacking in this case.

## C. Admiralty Jurisdiction

Plaintiff also appears to attempt to invoke admiralty jurisdiction under 28 U.S.C. § 1333(1). *See* Doc. 17 at 22. Federal courts are authorized to hear admiralty cases by Article III, Section 2 of the United States Constitution, which extends federal judicial power "to all Cases of admiralty and maritime Jurisdiction" and which is embodied in the grant of authority set out in § 1333(1) giving federal district courts "original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). Jurisdiction under § 1333(1) "is designed to protect maritime commerce." *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 611 (1991). The substance of an action, rather than its form, determines whether it falls within the admiralty jurisdiction of the federal courts. *Krauss Bros. Lumber Co. v. Dimon S.S. Corp.*, 290 U.S. 117, 124 (1933) (cited with approval in *Exxon Corp.*, 500 U.S. at 611).

With respect to an admiralty claim sounding in contract, the "nature and subject-matter of the contract at issue" is "the crucial consideration in assessing admiralty jurisdiction." *Exxon Corp.*, 500 U.S. at 611. The courts thus "focus the jurisdictional inquiry upon whether the nature of the transaction was maritime." *Id.* Similarly, "a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc.*, 513 U.S. at 534. Furthermore, there must be a "substantial relationship to traditional maritime activity." *Id.*

Although Plaintiff states that "[t]he court will proceed in the court of admiralty due to the fact that the vessels are moving in the high seas of commerce in the open international seas," Doc. 17 at 22, his filing provides no adequate basis to find that the case falls within the admiralty jurisdiction

of the Court. A plaintiff does not properly invoke admiralty jurisdiction merely by mentioning it, referencing § 1333, or making a vague reference to vessels, seas, or maritime commerce. The plaintiff must connect the substance of his claims to maritime commerce or activity. Plaintiff in this case has not done so. Accordingly, the Court should find admiralty jurisdiction under § 1333(1) lacking in this case.

### D. Jurisdiction Based on United States as a Defendant

By listing the United States as a defendant, *see* Doc. 17 at 16, Plaintiff may also seek to invoke jurisdiction under 28 U.S.C. § 1346. However, nothing in Plaintiff's filing appears to fall within any claim covered by either § 1346(a)(1) or (2). Furthermore, the Court may dismiss an action against the United States for lack of jurisdiction when it is "so insubstantial, implausible, foreclosed by prior decision of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Stephens v. United States*, 124 Fed. Cl. 424, 427 (2015) (addressing claim under §§ 1346(a)(1) and 1491). In addition, jurisdiction under § 1346(a)(2) is limited to actions seeking monetary damages and does not extend to injunctive or declaratory relief. *Lee v. Thornton*, 420 U.S. 139, 140 (1975) (per curiam). The statute, moreover, sets the jurisdictional amount of damages at $10,000 or less.

In this case, Plaintiff claims that damages exceed more than $75,000. *See* Doc. 17 at 22. His requested relief, furthermore, seeks more than mere monetary damages. *See id.* at 26-27. Moreover, for the reasons stated in the section addressing federal question jurisdiction, this action against the United States is subject to dismissal for lack of jurisdiction on grounds that the claims asserted are so insubstantial, implausible, and otherwise completely devoid of merit so as to not involve a federal controversy. Accordingly, the Court should find that § 1346(a) provides no basis for exercising

federal jurisdiction over this action.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(h)(3). Although he has been given an opportunity to submit an amended complaint that complies with the requirement of Fed. R. Civ. P. 8(a)(1) that his complaint contain "a short and plain statement of the grounds for the court's jurisdiction," Plaintiff has not filed a complying complaint. He has instead filed a Posit Slip that has been construed as an amended complaint for purposes of this recommendation. The filing, however, lacks a short and plain statement of a substantial ground for federal jurisdiction. In light of the recommended jurisdictional dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings in accordance with the Second Amended Special Order No. 3-301. After that reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. § 636(b) unless otherwise directed by Judge Cummings. *See* Second Am. Special Order No. 3-301 at 2.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 25th day of July, 2016.**

*/s/ E. Scott Frost*
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**